**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

George V.,

              Plaintiff,

v.

Frank Bisignano, Commissioner
Of Social Security

              Defendant.

Case No. 19-cv-145 (SGE)

**ORDER**

---

This matter comes before the Court on Plaintiff's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b). (Dkt. 46.) Plaintiff's counsel seeks an award of $34,212.97. (*Id.* at 2.) The Commissioner does not oppose the award of fees, or the amount requested, but filed a response outlining the legal framework for analyzing and approving fees in similar cases. (Dkt. 49.) For the reasons described below Plaintiff's motion is **GRANTED in part and DENIED in part**.

## BACKGROUND

Previously, Magistrate Judge Thorson issued an order on August 11, 2020, granting Plaintiff's motion for summary judgment, denying Defendant's motion for summary judgment, and remanding the case for further proceedings. (Dkt. 26.) On December 16, 2020, Magistrate Judge Thorson entered an Order awarding $4,285.53 in attorney fees under the Equal Access to Justice Act. (Dkt. 38.)[1] On remand, Plaintiff was awarded past-

---

[1] The EAJA award was applied to delinquent debt owed by Plaintiff. (Dkt. 47-3.)

1

due benefits. (*See* Soc. Sec. Admin. Notice of Award at 2; Dkt. 47-1.) Social Security withheld twenty five percent of those past due benefits ($38,498.50) for potential payment of attorney's fees. (Dkt. 47-1 at 2.)

On December 10, 2025, Plaintiff's counsel filed a Motion for Attorney's Fees and a Memorandum in Support. (Dkts. 39, 40.) On December 16, 2025, Plaintiff's counsel filed an Amended Motion for Attorney's Fees and Memorandum in Support. (Dkts. 42, 43.) Defendant filed its response to Plaintiff's motion on December 29, 2025. (Dkt. 45.) Then, on January 9, 2026, Plaintiff's counsel filed a third Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b), this time without a supporting memorandum, but with supporting exhibits. (Dkts. 46, 47.)[2] The Court ordered Defendant to respond to the third Motion for fees, and Defendant did so on February 13, 2026. (Dkts. 48, 49.)  Defendant does not oppose the third Motion, nor take a position on the request. (Dkt. 49 at 2.) Rather, Defendant requests that the Court make a reasonableness determination. (*Id.* at 2-3.)

## ANALYSIS

"Under 42 U.S.C. § 406(b), the Court may award a 'reasonable fee' to a successful claimant's counsel for work[ ] performed before the Court, in an amount not to exceed 25% of the total past due benefits awarded to the claimant." *Theodoros K. v. Kijakazi*, No. 20-cv-2228 (KMM/ECW), 2023 WL 4621896, at *2 (D. Minn. July 19, 2023); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("Congress has provided one boundary line: Agreements are unenforceable to the extent they provide for fees exceeding 25 percent

---

[2] The Court considers only Plaintiff's currently pending Motion for Attorney's Fees (Dkt. 46) and supporting exhibits. (Dkt. 47.)

of the past-due benefits. Within the 25 percent boundary, ... the attorney for a successful claimant must show that the fee sought is reasonable for the services rendered.") (citing 42 U.S.C. § 406(b)(1)(A)). Claimant's counsel may be successful where there is "a judgment favorable to the claimant." § 406(b)(1)(A); *see also Switzenberg v. O'Malley*, No. 18-cv-2429 (KMM), 2024 WL 4356316, at *1 (D. Minn. Oct. 1, 2024) (finding claimant's representation of Plaintiff successful because it resulted in a favorable award for Plaintiff).

"Section 406(b) requires judicial review of contingent fee arrangements in Social Security representations 'as an independent check, to assure they yield reasonable results in particular cases.'" *Shane T. v. Saul*, No. 18-cv-634 (BRT), 2020 WL 5743075, at *1 (D. Minn. Sept. 25, 2020) (quoting *Gisbrecht*, 535 U.S. at 807). Consequently, "[t]he Court has an independent obligation to determine whether an attorneys' fee award ... is reasonable." *Theodoros K.*, 2023 WL 4621896, at *2. "A reduced fee award may be appropriate where the legal representation was substandard, counsel was responsible for delay that increased the fund from which the fee was payable, or if benefits were large in comparison to the amount of time counsel spent on the case." *Shane T.*, 2020 WL 5743075, at *1; *see also Gisbrecht v. Barnhart*, 535 U.S. at 808 ("Courts that have approached fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.").

Here, after multiple hearings and appeals, Plaintiff was ultimately awarded past-due benefits. The Court finds that counsel's representation was successful because it resulted in a "judgment favorable to the claimant." 42 U.S.C. § 406(b)(1)(A). Next, the Court must

3

determine whether the requested attorney's fees are reasonable. Plaintiff entered into a contingency agreement with counsel agreeing to pay 25% of any past-due benefits awarded. (Dkt. 47.) This fee agreement is consistent with the statutory maximum §406(b) allows. *See Switzenberg*, 2024 WL 4356316, at *2 ("The Supreme Court has explained that contingent-fee agreements for the statutory maximum 25% of past-due benefits 'are the most common fee arrangement between attorneys and Social Security claimants.'") (quoting *Gisbrecht*, 535 U.S. at 800).

Plaintiff's counsel now seeks an award consistent with their fee agreement. Specifically, Plaintiff's counsel seeks $34,212.97, representing the amount withheld by Social Security ($38,498.50) for attorney's fees (Dkt. 47-1 at 2), minus $4,285.53 which is the amount the Court previously awarded under the EAJA. (Dkt. 46 at 2.) In the third Motion for fees however, Plaintiff's counsel does not provide the full amount of the back DIB payment awarded to his client and does not provide the calculation for the 25% of any past benefits awarded.[3] Defendant states that it "verified that Plaintiff's past due benefits equal $153,944.00," and that 25% of $153,944.00 equals $38,486.00. (Dkt. 49 at 2.)[4] Plaintiff's counsel has not objected or otherwise informed the Court that Defendant's verification of past due benefits is incorrect. Consequently, the Court determines that

---

[3] The ultimate amount of the past-due benefits awarded for purposes of calculating 25 percent has not been clearly stated by Plaintiff.

[4] The difference between the $38,498.50 withheld by Social Security and Defendant's calculation of $38,486.00 is $12.50. The Court notes that the Notice of Award indicated that Plaintiff would be paid $116,632.50 as back pay but did not state that the $116,632.50 was the total amount of past due benefits awarded. (Dkt. 47-1 at 1-2.)

4

$38,486.00 constitutes 25% of the past benefits awarded and considers $34,200.47[5] the total amount of fees requested.

While the Court notes that nothing indicates that counsel's representation was substandard or responsible for any delay, *Shane T.*, 2020 WL 5743075, at * 2, the Court finds that the full award here would result in a disproportionate payment to counsel based on the time spent on the case. *Gisbrecht*, 535 U.S. at 808; *Theodoros K.*, 2023 WL 4621896, at *2.

The third Motion for attorneys' fees does not state the number of hours spent on the case, but Plaintiff's counsel attached an exhibit detailing that he worked 14.80 hours and his paralegal 10.75 hours. (Dkt. 47-2.) Plaintiff's counsel does not provide argument or legal support in the third Motion for calculating § 406(b) fees based on paralegal time. (*See* Dkt. 46.) The Court has not found an instance in this District wherein a court considered paralegal time along with attorney time for fees under § 406(b), consequently the Court excludes paralegal time from its analysis. Excluding the 10.75 hours of paralegal time (totaling $1,075 based on 10.75 paralegal hours times the $100 hour rate Plaintiff provided in support of his Motion for EAJA fees, Dkt. 30 at 1), the hourly rate for the attorney time spent on this matter is $2,238.20 ($34,200.47-$1,075)/14.80 hours). *See Gerry W. v. Dudek*, No. 23-cv-02010 (ECW), 2025 WL 1125478, at * 3 (D. Minn. Apr. 16, 2025) (excluding paralegal time to calculate hourly attorney rate).

This attorney hourly rate surpasses the highest rates approved in this District by far.

---

[5] $38,486.00 (25% of past due benefits) minus $4,285.53 (amount previously awarded under EAJA) equals $34,200.47.

*See, e.g.*, *Smith v. Kijakazi*, No. 19-cv-01571 (SRN/HB), 2023 WL 3580817, at *2 (D. Minn. May 22, 2023) (approving $900 effective hourly rate and citing cases approving effective hourly rates between $950 and $1,229.63); *Switzenberg*, 2024 WL 4356316, at *2 (approving $1,155.09 effective hourly rate); *Matthew L. v. O'Malley*, No. 21-cv-1009, 2024 WL 1694839, at *2 (D. Minn. Apr. 19, 2024) (allowing an hourly rate of $1,250, despite finding it high) (collecting cases); *Ashely P. v. Colvin*, No. 23-2740 (PAM/TNL), 2025 WL 80598, at * 1 (D. Minn. Jan. 13, 2025) (finding $1,747.06 hourly rate too large in comparison to the time spent on the matter).

While the Court is cognizant of the fact that counsel's work performed in front of the federal court[6] secured a successful outcome and counsel has extensive experience, an hourly rate of $2,238.20 would result in the "benefits achieved [being] large in comparison to the time expended by counsel." *Jones v. Berryhill*, 699 F. App'x 587, 588 (8th Cir. 2017); *see Gisbrecht,* 535 U.S. at 808 (""If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is ... in order."). Consequently, the Court lowers the claimed fees to a more reasonable hourly rate of $1,500.00 for the time expended by experienced counsel, which is "still the highest fee of this type" in this District. *Ashley P.*, 2025 WL 80598, at * 1 (reducing hourly rate to $1,500

---

[6] The Court notes that Plaintiff's counsel has not yet sought a fee award for administrative work performed before the agency under 42 U.S.C. § 406(a), and counsel's fee agreement did not cap their fees. (Dkt. 47); *see Brent Z. v. Colvin*, No. 22-cv-511 (JWB/JFD), 2024 WL 5135670, at * 3 (D. Minn. Dec. 17, 2024) (considering in the reasonable analysis the fact that counsel's fee agreement capped fees under both § 406(a) and § 406(b), resulting in a lower fee award) (citing *Culbertson v. Berryhill*, 139 S. Ct. 517, 523-24 (2019)).

where court found requested rate was too large). Thus, the Court will award a total of $22,200.00 ($1,500 per hour x 14.8 hours) in attorney's fees.[7]

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. 46), is

    **GRANTED in part and DENIED in part**.

2.  Plaintiff's counsel is awarded $22,200.00 in reasonable attorney fees.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 16, 2026

*s/Shannon G. Elkins*
SHANNON G. ELKINS
United States Magistrate Judge

---

[7] When an award is made both under the EAJA and § 406(b), "the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796 (alteration in original) (quoting Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985)); *see also, e.g.*, *Theodoros K.*, 2023 WL 4621896, at *3. Here, because the entire amount of EAJA fees awarded was applied to delinquent debt owed by Plaintiff, the Court does not Order Plaintiff's counsel to refund Plaintiff the EAJA award that has already essentially gone to Plaintiff. (Dkt. 47-3.)